**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRYE PRECISION LLC<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 25-cv-02721 |

**COMPLAINT**

Plaintiff Crye Precision LLC ("Plaintiff" or "Crye Precision") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks, unauthorized copies of federally registered copyrighted works which Plaintiff has a full and exclusive license to enforce, or both to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products including clothing, accessories, and other merchandise using infringing and counterfeit versions of Plaintiff's federally registered trademarks and/or unauthorized copies of federally registered copyrighted works which Plaintiff has a full and exclusive license to enforce (the "Unauthorized Crye Precision Products"). Plaintiff, under agreement with LineWeight LLC, has full and exclusive license to use, enforce, and sublicense the copyrights of LineWeight LLC in the United States, including the registered Crye Precision copyrighted works. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Crye Precision Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to

2

combat Defendants' counterfeiting of its registered Crye Precision trademarks and infringement of the registered Crye Precision copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Crye Precision Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4.     Plaintiff Crye Precision LLC, is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at Brooklyn Navy Yard, 63 Flushing Avenue, Unit 252, Building 128B, Brooklyn, New York 11205.

5.     Plaintiff has been designing, developing, and manufacturing equipment, clothing, and accessories under its Crye Precision brand for many years. The Crye Precision brand is famous around the world for high quality, innovative gear and products.

6.     Crye Precision was founded in 2000 by Caleb Crye and Gregg Thompson, who were inspired to create innovative gear solutions and designs for military and law enforcement personnel. Today, Plaintiff has designed and produced products for military and law enforcement personnel as well as branded gear for the public.

7.     In the many years since Cyre Precision's inception, Crye Precision has become a highly recognizable American brand for tactical gear. Products sold under the Crye Precision brand include branded uniforms, gear, outerwear, headwear, accessories, and merchandise (collectively, the "Crye Precision Products").

8.     Crye Precision Products are distributed and sold to consumers throughout the United States, including in Illinois, through authorized retailers, and the official cryeprecision.com website.

9.     Plaintiff incorporates a variety of distinctive marks in the design of its various Crye Precision Products. As a result of its long-standing use, Plaintiff owns common law trademark rights in its trademarks. Plaintiff has also registered its trademarks with the United States Patent and Trademark Office. Crye Precision Products typically include at least one of Plaintiff's registered trademarks and/or copyrighted works registered with the United States Copyright Office. Often, several Crye Precision marks are displayed on a single Crye Precision product. Plaintiff uses its trademarks in connection with the marketing of its Crye Precision Products, including the following marks which are collectively referred to as the "CRYE PRECISION Trademarks."

| Registration No. | Trademark |
|---|---|
| 4,891,375 |  |
| 4,737,503; 4,443,275 | MULTICAM |
| 4,956,329 | ALPINE |
| 4,748,932 | ARID |
| 4,748,933 | TROPIC |
| 6,783,168 | ATO - ALPINE TERRAIN OPERATIONS |
| 6,821,239 | ATLAS STANDARD |

| 6,214,223 | AIRLITE |
|-----------|---------|
| 4,887,765 | HALFJAK |

10.     The above U.S. registrations for the CRYE PRECISION Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The CRYE PRECISION Trademarks have been used exclusively and continuously by Plaintiff, some for many years, and have never been abandoned.  The registrations for the CRYE PRECISION Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the CRYE PRECISION Trademarks pursuant to 15 U.S.C. § 1057(b).  Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the CRYE PRECISION Trademarks included in the above table.

11.     The CRYE PRECISION Trademarks are exclusive to Plaintiff and are displayed extensively on Crye Precision Products and in Plaintiff's marketing and promotional materials. The Crye Precision brand has long been among the most popular tactical gear brands in the world and has been extensively promoted and advertised at great expense.  In fact, Plaintiff has expended millions of dollars annually in advertising, promoting, and marketing featuring the CRYE PRECISION Trademarks.  Crye Precision Products have also been the subject of extensive unsolicited publicity resulting from their high quality and innovative designs.  Because of these and other factors, the Crye Precision name and the CRYE PRECISION Trademarks have become famous throughout the United States and around the world.

12.     The CRYE PRECISION Trademarks are distinctive when applied to the Crye Precision Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards.  The CRYE PRECISION Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the

5

marks.  As such, the goodwill associated with the CRYE PRECISION Trademarks is of incalculable and inestimable value to Plaintiff.

13.     Plaintiff operates an e-commerce website where it promotes and sells genuine Crye Precision Products at cryeprecision.com.  Sales of Crye Precision Products via the cryeprecision.com website represent a significant portion of Plaintiff's business.  The cryeprecision.com website features proprietary content, images, and designs exclusive to Crye Precision.

14.     Plaintiff's innovative marketing and product designs have enabled Crye Precision to achieve widespread recognition and fame and have made the CRYE PRECISION Trademarks well-known marks.  The widespread fame, outstanding reputation, and significant goodwill associated with the Crye Precision brand have made the CRYE PRECISION Trademarks valuable assets of Plaintiff.

15.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the CRYE PRECISION Trademarks.  As a result, products bearing the CRYE PRECISION Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Plaintiff is a multi-million-dollar operation and Crye Precision Products have become among the most popular of their kind in the world.

16.     Plaintiff has a full and exclusive license to use, enforce, and sublicense copyrights registered with the United States Copyright Office and owned by LineWeight LLC.  The registrations (collectively, the "Crye Precision Copyrighted Works") include: "CAMOUFLAGE PATTERN" (U.S. Copyright Registration No. VA 1-942-951), issued by the Register of Copyrights on February 18, 2015; "BLACK – color" (U.S. Copyright Registration No. VA 1-902-

6

826), issued by the Register of Copyrights on January 8, 2014; "TROPIC – color" (U.S. Copyright Registration No. VA 1-902-832), issued by the Register of Copyrights on January 8, 2014; and "ARID – color" (U.S. Copyright Registration No. VA 1-902-827), issued by the Register of Copyrights on January 8, 2014. True and correct copies of the U.S. federal copyright registration certificates for the above-referenced Crye Precision Copyrighted Works are attached hereto as **Exhibit 2**.

17.    Images of the Crye Precision Copyrighted Works are below:



| **CAMOUFLAGE PATTERN (VA 1-942-951)** |
|---|
| **BLACK (VA 1-902-826)** |
| **ARID (VA 1-902-827)** |



**TROPIC (VA 1-902-832)**



18.     Among the exclusive rights under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Crye Precision Copyrighted Works to the public.

19.     Since first publication, the Crye Precision Copyrighted Works have been used on the Crye Precision Products and are featured on Plaintiff's website at cryeprecision.com. Crye Precision Products featuring the Crye Precision Copyrighted Works are advertised on Plaintiff's website at cryeprecision.com.

**The Defendants**

20.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on

8

Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

21.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

22.     The success of the Crye Precision brand has resulted in significant counterfeiting of the CRYE PRECISION Trademarks and copying of the Crye Precision Copyrighted Works. In recent years, Plaintiff has identified many fully interactive, e-commerce stores offering Unauthorized Crye Precision Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Wish.com, Walmart, Etsy, DHgate, TikTok, and Temu, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. According to a U.S. Customs and Border Protection (CBP) report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights (IPR) violations totaling over $3.3 billion, an increase of $2.0 billion from 2020.[2] Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express

---

[2] *See Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection.

courier services (as opposed to containers), most of which originated from China and Hong Kong.[3]

23.     Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[4] Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

24.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Unauthorized Crye Precision Products to residents of Illinois.

---

[3] *Id.*

[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.

[5] *Id.* at p. 22.

[6] *Id.* at p. 39.

[7] Chow, supra note 4, at p. 186-87.

25.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies.  For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.  E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal.  E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.  Plaintiff has not licensed or authorized Defendants to use any of the CRYE PRECISION Trademarks or copy or distribute the Crye Precision Copyrighted Works, and none of the Defendants are authorized retailers of genuine Crye Precision Products.

26.     Many Defendants also deceive unknowing consumers by using the CRYE PRECISION Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Crye Precision Products.  Other e-commerce stores operating under the Seller Aliases omit using CRYE PRECISION Trademarks in the item title to evade enforcement efforts, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Crye Precision Products.

27.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

28.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Crye Precision Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

29.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Crye Precision Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Unauthorized Crye Precision Products were manufactured by and come from a common source and that Defendants are interrelated.

30.     E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

31.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore accounts and regularly move funds

from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

32. Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Crye Precision Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the CRYE PRECISION Trademarks and/or the Crye Precision Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Crye Precision Products into the United States and Illinois over the Internet.

33. Defendants' unauthorized use of the CRYE PRECISION Trademarks and/or the Crye Precision Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Crye Precision Products, including the sale of Unauthorized Crye Precision Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered CRYE PRECISION Trademarks in connection with the sale, offering for sale, distribution, and/or

advertising of infringing goods. The CRYE PRECISION Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Crye Precision Products offered, sold, or marketed under the CRYE PRECISION Trademarks.

36.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the CRYE PRECISION Trademarks without Plaintiff's permission.

37.     Plaintiff is the exclusive owner of the CRYE PRECISION Trademarks. Plaintiff's United States Registrations for the CRYE PRECISION Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the CRYE PRECISION Trademarks and are willfully infringing and intentionally using counterfeits of the CRYE PRECISION Trademarks. Defendants' willful, intentional, and unauthorized use of the CRYE PRECISION Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Crye Precision Products among the general public.

38.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known CRYE PRECISION Trademarks.

40.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit  Products.

14

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42.     Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Crye Precision Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff, or the origin, sponsorship, or approval of Defendants' Unauthorized Crye Precision Products by Plaintiff. By using the CRYE PRECISION Trademarks in connection with the sale of Unauthorized Crye Precision Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Crye Precision Products.

43.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Crye Precision Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

44.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its Crye Precision brand.

## COUNT III
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION
## (17 U.S.C. §§ 106 AND 501)

45.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

46.     The Crye Precision Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

15

47.    Plaintiff, under agreement with LineWeight LLC, has full and exclusive license to use, enforce, and sublicense the Crye Precision Copyrighted Works.  The registration requirements of 17 U.S.C. § 411(a) for the Crye Precision Copyrighted Works have been met.  The Crye Precision Copyrighted Works are protected by Copyright Registration Nos. VA 1-942-951, VA 1-902-826, VA 1-902-832, and VA 1-902-827.  At all relevant times, Plaintiff has enjoyed exclusive rights with respect to the Crye Precision Copyrighted Works, including the exclusive right to copy, reproduce, distribute, display, and create derivative works based on the same, which have never been assigned, licensed, or otherwise transferred to Defendants.

48.    The Crye Precision Copyrighted Works are published on the Internet and available to Defendants online.  As such, Defendants had access to the Crye Precision Copyrighted Works via the Internet.

49.    Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Crye Precision Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Crye Precision Products.  Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Unauthorized Crye Precision Products.  Such conduct infringes and continues to infringe the Unauthorized Crye Precision Products in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

50.    Defendants reap the benefits of the unauthorized copying and distribution of the Crye Precision Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Crye Precision Products.

51.    Defendants have unlawfully appropriated the protectable expression in the Crye Precision Copyrighted Works by taking material of substance and value and creating Unauthorized

16

Crye Precision Products that capture the total concept and feel of the Crye Precision Copyrighted Works.

52.     On information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

53.     The Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

54.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the Crye Precision Copyrighted Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the CRYE PRECISION Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Crye Precision product or is not authorized by Plaintiff to be sold in connection with the CRYE PRECISION Trademarks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Crye Precision Copyrighted Works in any manner without the express authorization of Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Crye Precision product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the CRYE PRECISION Trademarks and/or the Crye Precision Copyrighted Works;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Crye Precision Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the CRYE PRECISION Trademarks and/or the Crye Precision Copyrighted Works and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the CRYE PRECISION Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Crye Precision Copyrighted Works;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, DHgate, TikTok, and Temu (collectively, the "Third Party

18

Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the CRYE PRECISION Trademarks and/or the Crye Precision Copyrighted Works;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the CRYE PRECISION Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the CRYE PRECISION Trademarks;

5) As a direct and proximate result of Defendants' infringement of the Crye Precision Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Crye Precision's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) That Plaintiff be awarded its reasonable attorneys' fees and costs, including pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 14th day of March 2025.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 W. Madison St., Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Crye Precision LLC*