BC

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

FILED 6/25/2025 KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CRYE PRECISION LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 25-cv-02721 <br><br> **Judge Mary M. Rowland** <br><br> **Magistrate Judge Jeffrey Cole** |

**DEFENDANT JOYASUS'S MOTION TO SET ASIDE DEFAULT FOR INSUFFICIENT SERVICE OF PROCESS**

Defendant JOYASUS is a **single-member** owned and controlled by YINJUAN LIANG, with **no employees or other stakeholders**. Pursuant to 28 U.S.C. § 1654 and prevailing federal jurisprudence, YINJUAN LIANG appears *pro se*, respectfully moves to set aside the Entry of Default pursuant to Federal Rule of Civil Procedure **55(c)**. Invalid service of process voids the default under *Rogers v. Salvador, 765 F.2d 482 (5th Cir. 1985)*. In support, Defendant states:

## I. FACTUAL BACKGROUND

1. Plaintiff allegedly served Defendant exclusively by email (kyhao_chen@126.com), which was accessed by Defendant around June 2025..
2. **No paper copies** were mailed to Defendant's physical address in Shenzhen, China.
3. The Clerk entered default against Defendant.

1

## II. LEGAL GROUNDS

### A. Hague Service Convention Violation

As China declared binding objections to alternative service under Article 10 of the Hague Service Convention (1991):

- Service MUST be effected through China's Central Authority (Ministry of Justice) (*Water Splash, Inc. v. Menon, 581 U.S. 271, 277 (2017)*).
- Email service without Central Authority involvement is **void** (*Brokerwood Int'l v. Cuisine Crotone, 104 F. Supp. 2d 848, 852 (N.D. Ill. 2000)*).

### B. Failure Under U.S. Law

- **Rule 4(f)(1)** mandates compliance with international agreements.
- Email service violates:
  (a) China's sovereign rights (*Volkswagenwerk AG v. Schlunk, 486 U.S. 694, 699 (1988)*);
  (b) Due Process (*Mullane v. Cent. Hanover Bank, 339 U.S. 306, 314 (1950)*).

## III. GOOD CAUSE TO SET ASIDE DEFAULT

1. **Invalid Service**: Default is void where service fails jurisdictional requirements (*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., 840 F.2d 685, 688 (9th Cir. 1988)*).
2. **Prejudice**: Asset freeze imposed without valid service has paralyzed Defendant's business.

## IV. REQUESTED RELIEF

WHEREFORE, Defendant requests:

1. **Set aside the Entry of Default** against JOYASUS under Rule 55(c);
2. **Quash service of process** for violating the Hague Convention;
3. **Dissolve the asset freeze** immediately;
4. Grant any further relief deemed just.

CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, this motion was served via email to Plaintiff's counsel at attorney@gbcinternetenforcement.net.

Respectfully submitted,
YINJUAN LIANG, *Pro Se*
**Store Owner of JOYASUS**

Room 2003 Huarong Building, Futian
Shenzhen, Guangdong, China
Email: kyhao_chen@126.com
Phone: +86 185 7668 2286

**Dated:** June 23, 2025

*YINJUAN LIANG*

*Executed in Shenzhen, China on June 23, 2025*

3